**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| ANKUSH ANKUSH,<br><br>Petitioner,<br><br>v.<br><br>JIM C. ARNOTT, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03491-MBB |

**ORDER**

Petitioner Ankush Ankush petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, pp. 12-13). He asks the Court to order the Government to provide such a hearing or immediately release him. (***Id.*** at p. 17). Because Petitioner's detention does not violate the INA or his rights to procedural or substantive due process, the petition is DENIED.

**Background**

Petitioner, a citizen of India, entered the United States illegally in 2024. (**Doc. 1-2**, p. 5). DHS arrested him, initiated removal proceedings, and released him into the country. (***Id.***). Petitioner filed an application for asylum. (***Id.*** at p. 9). On August 6, 2026, DHS re-arrested Petitioner and detained him without bond. (***Id.*** at pp. 11-13). He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending ongoing removal proceedings. (***Id.*** at p. 3); (**Doc. 7**, p. 1).

On August 14, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that DHS violated his Constitutional right to due process

when it revoked his conditional parole. (***Id.*** at pp. 13-15). And he argues that his continued detention without bond violates the Fifth Amendment. (***Id.*** at pp. 12-13).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate the INA or his rights to procedural or substantive due process.

### I. Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).

Petitioner argues that his mandatory detention under Section 1225(b)(2)(A) is unlawful. That Section says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128,

1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134.

Petitioner, an Indian citizen, does not allege that he was admitted to the United States. His initial release did not bestow admission. *See* ***Sanchez***, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). He acknowledges ongoing removal proceedings. He is present in the United States without having "made lawful entry into the country." *See* ***Avila***, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A). That is true even if DHS initially processed him under 8 U.S.C. § 1226. *See* ***Avila***, 170 F.4th at 1137 (holding that "the mere failure of [DHS]" to initially detain Petitioner under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act" (internal quotation marks omitted)).

## II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner argues that DHS was required to provide a hearing before his re-detention. (**Doc. 1**, p. 8). But the Government may detain him pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). The legislative scheme gives the Government discretion to revoke conditional parole and detain and alien "at any time." *See* **8 U.S.C. § 1226(b)**. *See also* **8 U.S.C.**

**§ 1182(d)(5)(A)** (granting DHS broad discretion to rescind humanitarian parole). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**. And the Government may continue to detain Petitioner under Section 1225(b)(2)(A) because he has not been admitted. *See* **8 U.S.C. § 1225(b)(2)(A)**; ***Avila***, 170 F.4th at 1133-34.

Petitioner cites cases discussing revocation of parole in the criminal context. *See, e.g.*, ***Morrissey v. Brewer***, 408 U.S. 471 (1972). But courts analyze immigration detention differently. *See* ***Demore v. Kim***, 538 U.S. 510, 522 (2003) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" (internal quotation marks omitted)). The Supreme Court held that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." ***Demore***, 538 U.S. at 523. The Eighth Circuit agreed, holding that detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***, 115 F.4th at 933. "These cases leave no room" for the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ***Id.*** Petitioner's procedural due process claim fails because the legislative scheme authorized his detention.

## III. Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither

liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See* ***id.*** at 728.

True, freedom from imprisonment "lies at the heart of the liberty [the Due Process Clause] protects." ***Zadvydas***, 533 U.S. at 690. But as discussed, detention during removal proceedings is presumptively constitutional. *See* ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." ***Carlson v. Landon***, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See* ***Glucksberg***, 521 U.S. at 721. He asserts only "freedom from arbitrary physical restraint." (**Doc. 8**, p. 8). *See* ***Kansas v. Hendricks***, 521 U.S. 346, 356 (1997) (holding that "an individual's constitutionally protected interest in avoiding physical restraint may be overridden even in the civil context"). Regardless, before 1907, there was no provision permitting bail for *any* aliens during removal proceedings. ***Demore***, 538 U.S. at 523 n.7. So release pending removal proceedings is not "deeply rooted in this Nation's history and tradition." *See* ***Minnesota Deer Farmers***, 146 F.4th at 670. And detention pending removal proceedings is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See* ***Demore***, 538 U.S. at 528.

## Conclusion

Petitioner's detention without bond does not violate the INA or his right to due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2026